**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**THOMAS RAGO,**

        **Plaintiff,**

**v.**                                                                **Case No.: 8:04-cv-2095-T-MSS**

**JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

**ORDER**

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record and the pleadings and memoranda submitted by the parties in this case.

1

**I.   BACKGROUND**

   **A.   Procedural History**

Plaintiff protectively filed an application for disability insurance benefits and supplemental security income on April 20, 2002.  Plaintiff alleged an onset of disability on July 15, 2000, due to disc herniation, leg nerve damage, thyroid problems, asthma, obesity, right shoulder pain, swelling of both legs and shortness of breath. (Tr. at 11, 296)  Plaintiff's claim was denied by the ALJ on April 19, 2004. (Tr. at 8-18)  Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review on July 17, 2004.  Plaintiff then filed this action for review.

   **B.   Medical History and Findings Summary**

Plaintiff's medical history is set forth in the ALJ's decision.  By way of summary, Plaintiff was forty-two years old when the ALJ's decision was issued in April 2004.  Plaintiff did not complete high school but obtained a GED. (Tr. at 297) Additionally, Plaintiff completed a CPR and two Life Skills college-level courses , as well as a vocational course in Windows 98 for which he received a certificate. Plaintiff spent approximately thirteen years in prison and was released on June 1, 2002. (Tr. at 298)  While in prison, Plaintiff was an education aid, a maintenance clerk, a house man and a tree cutter.  (Tr. at 298) Before he was incarcerated, Plaintiff's past work experience included employment as a cook.  (Tr. at 298)  For the purposes of past relevant work the ALJ considered Plaintiff's work experience as a cook.  (Tr. at 11)

After considering the evidence, including medical records from Plaintiff's treating and examining physicians, the ALJ found that Plaintiff does have impairments that are severe within the meaning of the Regulation but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. at 17, Finding Nos. 2-3)

The ALJ evaluated Plaintiff's residual functional capacity ("RFC") to determine if he could return to his past relevant work or other work existing in significant numbers in the national economy. The ALJ found that, although Plaintiff could not perform his past relevant work, he retained the RFC to perform a significant range of sedentary work. (Tr. at 17, Finding No. 10). As such, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. at 17, Finding No. 12)

## II.   STANDARD OF REVIEW

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law de novo. See Davis v.

Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard.  See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983).  If the reviewing court is unable to determine from the Commissioner's decisions that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Here, Plaintiff asserts two main points of error:  (1) the ALJ failed to properly or adequately question the vocational expert (the "VE"); and (2) the ALJ failed to develop the record fully.  For the reasons that follow, the Court **AFFIRMS** the decision of the ALJ.

**III.   DISCUSSION**

**A.   Whether the ALJ failed to properly or adequately question the VE**

Plaintiff first claims the ALJ erred by relying upon alleged flawed testimony of the VE in determining Plaintiff is able to perform work other than his past relevant work.  Plaintiff relies on two arguments that the VE's testimony was flawed.  First, Plaintiff contends the ALJ failed to ascertain if the information testified to by the VE was congruent with the Dictionary of Occupational Titles ("DOT") and second, that the ALJ failed to insist on an explanation for the incongruency.

Two ways exist to determine whether the claimant can perform work that exists in the national economy: the Medical-Vocational Guidelines ("Grids") and VE testimony.  The Grids apply to show a claimant can perform work which exists in the

national economy when a claimant can perform unlimited types of work. Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989). However, the Grids apply only when each variable on the appropriate grid matrix accurately describes the claimant's situation. Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987). According to the court in Jones v. Apfel, when the claimant cannot perform a full range of work at a given level of exertion, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. 190 F.3d 1224, 1229 (11th Cir. 1999) (citing Foote v. Chater, 67 F.3d 1553 (11th Cir. 1995)). The testimony of the VE should be used to determine whether there exists in the national economy a significant number of jobs for someone with the claimant's limitations. Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).

Because questions arose about how to ensure conflicts between occupational evidence provided by a VE and information in the DOT are resolved, the Social Security Administration issued Policy Interpretation Ruling SSR 00-4p to clarify the standards used to identify and resolve any conflict. (SSR 00-4p). According to SSR 00-4p, generally, occupational evidence provided by a VE should typically be consistent with the occupational information supplied by the DOT. According to SSR 00-4p, neither a VE's opinion nor DOT automatically trumps when there is a conflict. When there is an apparent unresolved conflict between a VE opinion and the DOT, the adjudicator must ask the VE whether an inconsistency exists between his testimony and the information available in the DOT. If the VE offers a

reasonable explanation for the conflict, the ALJ may then rely upon the VE opinion to support a determination about whether the claimant is disabled.

In the present case, the ALJ did not specifically ask the VE whether his opinion was consistent with the DOT; however, the VE offered, on his own accord, an explanation for the discrepancy between his testimony and the information in the DOT SSR 00-4p. Specifically, the VE explained that, although the job of receptionist/information clerk was not described in the DOT, the job was listed in the 2002-2003 edition of the Occupational Outlook Handbook (the "OOH"). (Tr. at 16) Based on the description in the OOH, the VE concluded that Plaintiff was capable of performing a job as a receptionist/information clerk given his RFC. (Tr. at 16) The ALJ was within his authority to rely upon that explanation in rendering his opinion.

More importantly, the VE identified *two* jobs that Plaintiff is capable of performing, given his skill and exertional levels: receptionist/information clerk and order clerk, food and beverage. (Tr. at 313-14) Plaintiff's challenge focuses on the first job, receptionist/information clerk. Plaintiff asserts that the job should not have been considered and that the DOT specific vocational preparation and description would be inconsistent with the RFC ascribed to him by the ALJ. Plaintiff is correct that the jobs are distinct in the DOT and in some aspects are defined as having greater skill sets than found by the ALJ.

Whether Plaintiff is correct on this point does not address the VE's opinion as to the other job that the VE and ALJ concluded Plaintiff can perform: order clerk,

6

food and beverage. (Tr. at 314) Plaintiff must establish he is not capable of performing any of the jobs identified by the VE. Long v. Shalala, 902 F. Supp. 1544, 1546 (M.D. Fla. 1995). Plaintiff does not contend the job of order clerk is inconsistent with the DOT. The job identified by the VE has a skill level of "2," unskilled and an RFC of "sedentary," which is fully consistent with Plaintiff's capabilities as found by the ALJ. Plaintiff did not establish that he could not perform this job; in fact, he does not address this job in his memorandum at all. Therefore, there was no reversible error by the ALJ in relying upon the VE testimony that there exists work in the national economy Plaintiff can do.

### B. Whether the ALJ failed to develop the record fully

Plaintiff next claims the ALJ failed to develop the record fully based on several arguments. First, Plaintiff claims the ALJ failed to consider the severity of all alleged impairments individually. Second, Plaintiff claims the ALJ failed consider the effects of all Plaintiff's impairments in combination. Third, Plaintiff claims the ALJ failed to develop the evidence with regard to Plaintiff's ability to sit and stand. Finally, Plaintiff contends the ALJ failed to articulate the sit and stand requirements in the hypothetical posed to the VE, thus causing the hypothetical to be incomplete.

#### 1. Whether the ALJ failed to consider the severity of all of Plaintiff's alleged impairments and the effects of those impairments in combination

Plaintiff contends the ALJ failed to fully consider the severity of the edema diagnosed by both Dr. Korabathena and Dr. Chandra. (Pl. Br. at 13) Dr.

Korabathena diagnosed edema and "superficial varicosity" during an examination of Plaintiff. (Tr. at 216) Dr. Chandra diagnosed edema during an examination of Plaintiff. (Tr. at 256) In the decision, the ALJ points out that both Dr. Korabathena and Dr. Chandra diagnosed Plaintiff with edema. (Tr. at 13) While Dr. Korabathena's report shows a diagnosis of edema; the report does not indicate the edema impairs Plaintiff in any way. (Tr. at 216-17) A medical condition, of course, is not dispositive of the question of disability; rather its resulting impact on a claimant's ability to function is. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (determining disability requires an assessment of whether a claimant has the residual functional capacity to work despite his or her impairment.); Sellers v. Barnhart, 791 F.2d 1544, 1547 (11th Cir. 1988) (stating that the "severity of a medically ascertained disability 'must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.'"); Stratton v. Bowen, 827 F.2d 1447, 1453 (11th Cir. 1987) (stating the statutory definition for disability as "[w]hether, in fact, the impairment prevents the claimant from working, given the claimant's age, education, and experience.").

In this regard, two doctors evaluated Plaintiff's RFC based on the impairments caused by his medical conditions. First, Dr. Takach, considered Plaintiff's edema in determining the RFC. (Tr. at 231) Dr. Takach determined Plaintiff could:

- occasionally lift and/or carry up to 20 pounds;
- frequently lift and/or carry up to 10 pounds;
- stand and/or walk at least 2 hours in an 8-hour workday;
- sit about 6 hours in an 8-hour workday; and
- push and/or pull without limitation.

(Tr. at 231)

Second, Dr. Green determined an RFC nearly identical to Dr. Takach's. (Tr. at 249) Dr. Green included a modified range of 2-4 hours for the time Plaintiff could stand and/or walk. (Tr. at 249) Dr. Green considered Plaintiff's "chronic venous insufficiency" and edema when determining Plaintiff's RFC. (Tr. at 249) Dr. Green also indicated that Plaintiff is limited to sedentary exertion, "mainly by his size." (Tr. at 250)

Relying on this finding, the ALJ established an RFC arguably more limited than that recommended by the physicians of record. Specifically, the ALJ found Plaintiff retained the following RFC:

- lifting/carrying *10* pounds occasionally and *5* pounds frequently;
- stand/walk 2 hours;
- sitting 6 hours;
- *alternate positions every 15-20 minutes;*
- *can never climb, kneel, crouch, or crawl but can occasionally balance and stoop;* and
- *avoid unprotected heights and concentrated exposure to heat, cold, dust, fumes, and gases.*

(Tr. at 17, Finding No. 5) (emphasis added)

Consequently, the ALJ fairly considered Plaintiff's impairments and addressed them in determining his RFC.

9

Plaintiff's next contention, that the ALJ did not consider his impairments singularly and in combination, is also without merit. The ALJ must make specific and well-articulated findings as to the effect of the combination of impairments and decide whether the combined impairments are disabling. Walker v. Bowen, 826 F.2d at 1001. An explicit statement that the medical evidence did not establish the existence of an impairment or combination of impairments that renders the claimant disabled under the Act satisfies the "specific and well-articulated findings" requirement. French v. Massanari, 152 F. Supp. 2d 1329, 1339 (M.D. Fla. 2001). The ALJ, in his decision, stated: "No treating or examining physician has mentioned findings, either singularly or in combination, equivalent in severity to the criteria of any list impairment." (Tr. at 13) Ultimately, the ALJ incorporated Plaintiff's combined impairments in his RFC finding. Additionally, the ALJ noted the combined and individual impact of Plaintiff's conditions on his ability to work at several points in his analysis. For example, he noted "the record shows that the combination of [Plaintiff's] impairments prevents him from standing/walking more than two hours." (Tr. at 15) As such, the ALJ satisfied the requirement that Plaintiff's impairments be considered singularly and in combination to determine whether Plaintiff was disabled.

  2.  <u>Whether the ALJ failed to present a comprehensive hypothetical to the VE</u>

Finally, Plaintiff contends the ALJ failed to present a comprehensive

hypothetical to the VE who opined as to the jobs Plaintiff could perform. Plaintiff contends the VE's resulting opinion was not supported by substantial evidence. This claim is without merit.

The ALJ determined Plaintiff could sit for six hours in an eight-hour day and could stand/walk for two hours in an eight-hour day. Additionally, the ALJ recognized Plaintiff would need to alternate positions after sitting for fifteen to twenty minutes. (Tr. at 17, Finding No. 5; Tr. 312) Plaintiff contends the ALJ should have inquired into the sitting conditions Plaintiff must utilize; i.e., sitting with feet raised. Plaintiff alleges this should have been "reasonable and logical" to assume as relevant in light of Plaintiff's edema. Plaintiff is incorrect. By implication, Plaintiff concedes the medical evidence of record did not include any such limitation as Plaintiff suggests the physicians should have been re-contacted to opine about Plaintiff's postural requirements when sitting. The ALJ has a duty to weigh all of the evidence before him. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir 1987). No evidence exists in the record, either in the testimony or the medical records, that Plaintiff must sit with his feet raised. Plaintiff was given the opportunity to present additional evidence from other sources and declined to do so. (Tr. at 314)

Finally, Plaintiff contends that the ALJ failed to present a comprehensive hypothetical to the VE who opined as to the jobs Plaintiff could perform and thus, Plaintiff asserts that the VE's resulting opinion was not supported by substantial evidence.

For the VE's testimony to constitute substantial evidence, the ALJ need only pose a hypothetical question which comprehensively describes all of the claimant's impairments as found by the ALJ. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1223, 1229 (11th Cir. 1999)). In the absence of evidence that Plaintiff was required to elevate his feet on sitting, such limitation was not required to be in the hypothetical.

The ALJ determined Plaintiff's RFC to allow sedentary work. The ALJ found:

> [Plaintiff] has the residual functional capacity to lift/carry ten pounds occasionally and five pounds frequently, stand/walk two hours, and sit six hours. He must alternate positions every fifteen to twenty minutes. He can never climb, crouch, or crawl, but can occasionally balance and stoop. He must avoid unprotected heights and concentrated exposure to heat, cold, dust, fumes, and gases.

(Tr. at 17, Finding No. 5)

The following hypothetical posed to the VE encompassed all of Plaintiff's RFC limitations:

> [L]ifting, carrying, pushing and pulling would be limited to 10 pounds on occasion, five pounds frequently, sitting could be accomplished for six hours, standing and walking for two hours in an eight-hour day. The individual would need to be able to alternate sitting and standing, that is change positions for a few minutes and then assume the other position about every 15 to 20 minutes. The individual can never climb stairs or ladders, occasionally balance and stoop never crouch, kneel, or crawl. . . . [N]o concentrations of heat, cold, dust, fumes or gases and no work at unprotected heights.

(Tr. at 313)

12

Because the ALJ posed a complete hypothetical to the VE, there was no error.

## IV. CONCLUSION

The decision of the ALJ in this case is supported by substantial evidence and is consistent with legal standards; therefore, the Commissioner's decision is **AFFIRMED**. The **CLERK** is directed to enter **FINAL JUDGMENT** for the Commissioner and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on this 29th day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record